IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**GEORGE K.C. PRINGLE, IV,**

    Petitioner,

v.                                        Case No. 4:18cv475-MW/CAS

**STATE OF FLORIDA and
FLORIDA STATE HOSPITAL,**

    Respondents.

_____/

## REPORT AND RECOMMENDATION

On or about October 18, 2018, George K.C. Pringle, IV, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. He subsequently filed an amended § 2254 petition. ECF No. 5. On February 19, 2019, Respondent filed an answer, with exhibits. ECF No. 9. Petitioner Pringle has filed a reply. ECF No. 14. He also filed several motions: Motion for Reconsideration, ECF No. 7; Motion for Substitution of Parties, ECF No. 10; Motion for Amendment to 28 U.S.C. 2254 Petition, ECF No. 11; Motion for Discovery, ECF No. 12. In addition, he has filed what appear to be courtesy copies of an "Affidavit of Duress," which he directed to Governor Ron DeSantis, ECF No. 8, and a "Res Judicata" document he directed to the Second Judicial Circuit Court, Gadsden County. ECF No. 13.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B).  After careful consideration, the undersigned has determined no evidentiary hearing is required for the disposition of this matter.  See Rule 8(a), R. Gov. § 2254 Cases.  The pleadings before the Court show the petition should be dismissed.  See Rule 4, R. Gov. § 2254 Cases (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Procedural Background

On February 26, 2018, the State of Florida filed an information in the Second Judicial Circuit, Gadsden County, charging Petitioner George K. Pringle with three counts in case number 18-00005CFA in connection with events that took place January 2, 2018:  (1) interception of oral communication, a third degree felony, contrary to section 934.03(1), Florida Statutes; (2) resisting an officer with violence, a third degree felony, contrary to section 843.01, Florida Statutes; and (3) possession of drug paraphernalia, a first degree misdemeanor, contrary to section 893.147(1), Florida Statutes.  Ex. B.  On the date of the offense, Pringle had been

arrested at the Chattahoochee Police Department in Chattahoochee, Florida.  Ex. A.

On June 1, 2018, the state trial court entered an Order Appointing Expert for Competency Evaluation and Notice of Hearing.  Ex. C.  The court found Pringle's competency to proceed had been raised in accordance with Florida Rule of Criminal Procedure 3.210(b) and further found the court had "reasonable grounds to believe that the Defendant may be incompetent to proceed," and thus "an evaluation should be scheduled to examine this Defendant."  *Id*.  The court appointed an expert to examine Pringle in accordance with the provisions of sections 916.12 and .13, Florida Statutes, and Florida Rules of Criminal Procedure 3.211(a)-(b) and 3.212(3).  *Id*.  The court directed the expert submit a written report on or before June 20, 2018, and scheduled a hearing for June 22, 2018.  *Id*.

At the hearing on June 22, 2018, the state trial court heard testimony and considered whether Pringle was incompetent to proceed, based on that testimony and the court's observations.  Ex. D.  In an order rendered June 29, 2018, the court found Pringle had been charged with a felony, he suffers from a major mental illness, he is incompetent to proceed, and he is in need of treatment and treatment is available.  *Id*.  The court specifically found Pringle incompetent to proceed due to his mental illness as defined

in section 916.106(11), Florida Statutes. *Id*. The court found Pringle satisfied the criteria for involuntary placement with the Department of Children and Families (DCF) as provided in section 916.13(1), Florida Statutes. *Id*. The court committed Pringle to DCF for placement in a mental health treatment facility pursuant to section 916.13(2), Florida Statutes. *Id*. The court stayed all further proceedings. *Id*.

On or about August 7, 2018, Pringle filed, in the state court, a petition for writ of habeas corpus, asserting he is being illegally detained at the Florida State Hospital. Ex. F. By order rendered January 15, 2019, the state circuit court denied habeas relief. Ex. H. The court explained:

> Having considered the petition, response and reply, the court finds that Petitioner has failed to show that his current detention is illegal. Petitioner was found incompetent to proceed in his criminal case by the Gadsden County Circuit Court. Pursuant to chapter 916, Florida Statutes, he is legally detained until such time as Petitioner is deemed competent to proceed.

*Id*.

On or about March 29, 2018, Pringle filed a petition for writ of habeas corpus in the First District Court of Appeal (First DCA), assigned case number 1D18-1382. Ex. I. On June 7, 2018, the First DCA denied the petition on the merits. Ex. J.

On or about September 6, 2018, Pringle filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court, assigned case

number 4:18cv427-MW/CJK.  Ex. O.  In a Report and Recommendation entered September 13, 2018, the U.S. Magistrate Judge recommended the petition be dismissed without prejudice based on the abstention doctrine set forth in Younger v. Harris, 401 U.S. 37 (1971).  Ex. P.  In an order entered October 4, 2018, the district judge accepted the Report and Recommendation and dismissed the petition without prejudice.  Ex. Q.

On December 19, 2018, DCF counsel filed a report in the state criminal case.  Ex. M.  According to counsel, the report indicates treatment staff believe Pringle remains incompetent to proceed and continues to meet the criteria for involuntary commitment.  *Id*.

The case in the state criminal court appears to remain ongoing.  In particular, Respondent has included in its exhibits a Notice of Court Date for March 22, 2019.  Ex. N.  Likewise, Pringle repeatedly acknowledges in his petition that there is a pending state court proceeding.  ECF No. 5.

As indicated above, Pringle filed this § 2254 petition on or about October 18, 2018, ECF No. 1, and he subsequently filed an amended § 2254 petition, ECF No. 5.  In the amended § 2254 petition, Pringle raises four grounds:  (1) the state trial court "lacks competent jurisdiction pursuant to Article III of the Constitution"; (2) his rights under the 13th Amendment to the U.S. Constitution have been violated as he has been "serving time

involuntarily since 01/02/2018 and [he has] not been convicted of a crime"; (3) "[t]he state court case lacks the possibility of due process of law" as the case "lacks a grand jury indictment," lacks "corpus delecti," and "[t]he Plaintiff is an artificial person and cannot be placed on the stand to answer questions," and (4) the "State failed to indict properly, contrary to the 5th Amendment to the Constitution" because the state filed an information charging him with violating Florida statutes and failed to obtain a grand jury indictment.  ECF No. 5 at 9-15.

Respondent has filed an answer and exhibits.  ECF No. 9.  Pringle has filed a reply.  ECF No. 14.

## Analysis

Habeas relief pursuant to § 2254 may be granted only if remedies have been exhausted.  See 28 U.S.C. § 2254(b).  A habeas petitioner has not exhausted remedies if he still has the right to raise the issue in state court.  See id.; O'Sullivan v. Boerckel, 526 U.S. 838, 839 (1999).  To properly exhaust state remedies, a petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Boerckel, 526 U.S. at 845.   In this case, as Respondent asserts, Pringle has not exhausted state remedies because he did not complete a full round

of review of the state court orders.  *See* ECF No. 9 at 8.  Moreover, as Respondent also points out, the state court proceedings remain ongoing and Pringle has the opportunity to pursue a remedy in those proceedings.  *See id*. at 9-10.

Indeed, as the Court indicated in disposing of Pringle's previous § 2254 petition, pursuant to the abstention doctrine of <u>Younger v. Harris</u>, 401 U.S. 37 (1971), federal courts will not interfere with pending state criminal proceeds absent the existence of very narrow circumstances. "When a petitioner seeks federal habeas relief prior to a pending state criminal trial the petitioner must satisfy the '<u>Younger</u> abstention hurdles' before the federal courts can grant such relief."  <u>Hughes v. Att'y Gen. of Fla.</u>, 377 F.3d 1258, 1262 (11th Cir. 2004).  In <u>Younger</u>, the U.S. Supreme Court held, based on principles of comity, equity, and federalism, that "absent extraordinary circumstances federal courts should not enjoin pending state criminal prosecutions."  <u>New Orleans Pub. Serv., Inc. v. Council of New Orleans</u>, 491 U.S. 350, 364 (1989) (citing <u>Younger</u>); *see* <u>Hughes</u>, 377 F.3d at 1263-64.  Federal courts consistently abstain from enjoining state criminal prosecutions unless one of the following limited exceptions applies: (1) evidence indicates the state proceedings are motivated by bad faith; (2) irreparable injury would occur; or (3) no

adequate alternative state forum exists in which to raise the constitutional issues.  Younger, 401 U.S. at 45–49, 53-54; Hughes, 377 F.3d at 1263 n.6.

No Younger exception applies here.  Pringle does not make a "substantial allegation" showing the state prosecution is motivated by bad faith, nor has Pringle alleged sufficient facts to show irreparable injury would occur.  *See* Younger, 401 U.S. at 48 (noting bad faith prosecutions are brought with no intention of securing conviction or with intention to harass), 53-54 (explaining irreparable injury exists if statute under which petitioner is being prosecuted is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it" or if unusual circumstances exist warranting equitable relief).  Further, as Respondent indicates, Florida state courts have adequate and effective procedures for reviewing Pringle's claims.  Accordingly, this Court should abstain from reaching the merits of Pringle's current claims.  *See, e.g.*, Ankenbrandt v. Richards, 504 U.S. 689, 705 (1992) ("Younger itself held that, absent unusual circumstances, a federal court could not interfere with a pending state criminal prosecution."); Abusaid v. Hillsborough Cnty. Bd. of Cnty. Comm'rs, 405 F.3d 1298, 1315 n. 9 (11th Cir.2005) ("Younger abstention is the doctrine that federal courts should abstain from interfering

with ongoing state criminal prosecutions."); Coley v. Clinton, 635 F.2d 1364, 1371 (8th Cir. 1980) (holding that Younger abstention precludes federal court from considering action for declaratory and injunctive relief challenging "state court proceedings for commitment").

## Pending Motions

As mentioned above, Petitioner Pringle has also filed several motions:  Motion for Reconsideration, ECF No. 7; Motion for Substitution of Parties, ECF No. 10; Motion for Amendment to 28 U.S.C. 2254 Petition, ECF No. 11; Motion for Discovery, ECF No. 12.  Each motion is addressed below.

The Motion for Reconsideration, ECF No. 7, is directed to the Court's order, entered November 19, 2018, ECF No. 6, allowing Respondent ninety (90) days in which file an answer.  This motion should be denied.

In the Motion for Substitution of Parties, ECF No. 10, Pringle requests to substitute as Respondents Ashley Moody, Attorney General for the State of Florida, and Bob Quam, Chief Administrator for the Florida State Hospital.  Similarly, in the Motion for Amendment, ECF No. 11, Pringle seeks to amend the names of the Respondents to Ashley Moody, Attorney General, substituted for State of Florida, and Bob Quam, Chief Administrator, substituted for Florida State Hospital.  Pringle previously

named the State of Florida and the Florida State Hospital as Respondents. *See* ECF No. 1. The Office of the Attorney General for the State of Florida has filed the answer on behalf of the Respondents. *See* ECF No. 9. Accordingly, there is no need to substitute parties and these motions should be denied.

Finally, Pringle has filed a Motion for Discovery, ECF No. 12. The undersigned has determined, however, that no evidentiary hearing is required for the disposition of this matter and the pleadings before the Court show the petition should be dismissed. *See* Rules 4, 8(a), R. Gov. § 2254 Cases. Therefore, this motion should also be denied.

## Conclusion

Based on the foregoing, it is respectfully **RECOMMENDED** that the amended § 2254 petition, ECF No. 5, be **DISMISSED without prejudice**. All the pending motions, ECF Nos. 7, 10, 11, and 12, should be **DENIED**. As Petitioner Pringle has filed courtesy copies of an "Affidavit of Duress," ECF No. 8, and a "Res Judicata" document, ECF No. 13, those shall be **TERMINATED**.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a

certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." The parties shall make any arguments as to whether a certificate should issue by filing objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## Recommendation

It is therefore respectfully **RECOMMENDED** that the amended

§ 2254 petition, ECF No. 5, be **DISMISSED without prejudice**.  All the pending motions, ECF Nos. 7, 10, 11, and 12, should be **DENIED**.  The "Affidavit of Duress," ECF No. 8, and "Res Judicata" document, ECF No. 13, shall be **TERMINATED**.  It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on April 10, 2019.

> **S/  Charles A. Stampelos**
> **CHARLES A. STAMPELOS**
> **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**